**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TOMMY LEE JOHNSON,** | : | **No. 3:26cv1558** |
| | : | |
| **Petitioner** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN CRUZ,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner Tommy Lee Johnson ("Johnson"), an inmate confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Johnson seeks immediate release to home confinement or supervised release and expungement of an incident report. (Id.). Because Johnson has failed to exhaust his administrative remedies, and the failure to exhaust is evident from the face of his Section 2241 petition, the court must dismiss his petition.

## I.    Background

Johnson is serving an 84-month term of imprisonment imposed by the United States District Court for the Southern District of Iowa for distribution of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). See United States v. Johson, No. 4:20-cr-00214-1 (S.D. Iowa), Doc. 82. His current

projected release date is August 7, 2026.  See also FEDERAL BUREAU OF PRISONS'

INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number

40782-509) (last visited June 8, 2026)).

Johnson acknowledges that he has not exhausted his administrative

remedies with respect to the claims in the instant habeas petition, however, he

asserts that he should be excused from exhausting the administrative remedies

due to futility.  (Doc. 1, at 4).  In support of this argument, Johnson contends that

exhaustion is futile because pursuing his claim through the full administrative

process would take too much time.  (Id.).

## II.    Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28

U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it

is plain from the face of the petition that the petitioner is not entitled to relief.  28

U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in

habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III.   Discussion

Dismissal of this case under Rule 4 is appropriate because Johnson did not

exhaust his administrative remedies.

Although there is no explicit statutory exhaustion requirement for Section

2241 habeas petitions, the United States Court of Appeals for the Third Circuit

2

has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."  Id. at 761-62.

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel.  Id. §§ 542.13-.15.  No administrative remedy is considered fully exhausted until reviewed by the general counsel.  Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review.  Moscato, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is

likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

Johnson concedes that he did not complete the BOP's administrative remedy program prior to filing the instant habeas petition. (Doc. 1, at 4). He asserts that exhaustion would be "futile," (Doc. 1, at 4), and contends that the administrative remedy process could take time to complete, and he should be released before the process is completed (see id.). Johnson has not made a "clear and positive showing" that exhaustion would be futile. His argument does not provide a basis to excuse exhaustion, and this type of argument has been consistently rejected by district courts. See, e.g., Rodriguez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); Bortolotti v. Knight, No. 22-cv-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022) ("Courts have rejected these time restriction arguments because they allow

4

prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative remedy process, and then argue that there is insufficient time for those remedies to run their course.").

Because Johnson concedes that he has not exhausted his administrative remedies, and there does not appear to be any basis to excuse exhaustion, the court will dismiss his petition without prejudice for failure to exhaust administrative remedies.  See Moscato, 98 F.3d at 762; Ryan v. United States, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing Moscato, 98 F.3d at 760)); see also Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (noting district courts' "inherent power to dismiss sua sponte a complaint which facially violates a bar to suit").

## IV.   Conclusion

Consistent with the foregoing, the court will dismiss the petition for a writ of habeas corpus without prejudice for failure to exhaust administrative remedies. (Doc. 1).  An appropriate order shall issue.

**BY THE COURT:**

*s/Julia K. Munley*
**JUDGE JULIA K. MUNLEY**
**United States District Court**

**Dated:      June 12, 2026**